Barnard, P. J.
The case does not show that a copy of the order appointing a receiver was ever filed in Kings county, where the land lies. Section 2468 of the Code only vests the real estate of a debtor in the receiver upon the filing and from the date of the filing of such order. If the order is filed, then by the terms of the section, the title of the debtor in the real estate becomes absolutely vested in the receiver, and no deed .is needed, and no power is given to *538 compel one. The receiver’s rights are perfect, and he represents the creditor in the action in which he was appointed, and can file his complaint to set aside the judgment against the administrator as fraudulent and collusive. A deed will give no greater right than is given by the statute. By its provisions in the case of receivers in proceedings supplementary to execution '‘the property of a judgment debtor is vested in a receiver” duly qualified, except that “real estate is vested in the receiver only from the time when 'the order or a certified copy thereof ” is filed with the clerk of the county where it is situated.
Order reversed with costs and disbursements and action denied, with ten dollars costs.
Dykman and Pratt, JJ., concur.